**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RENE ROSARIO,** | : | |
| **Petitioner,** | : | |
| | : | **No. 1:21-cv-01160** |
| **v.** | : | |
| | : | **(Judge Kane)** |
| **STEPHEN SPAULDING,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

On June 30, 2021, pro se Petitioner Rene Rosario ("Petitioner"), who is currently incarcerated at the Federal Prison Camp in Lewisburg, Pennsylvania ("FPC Lewisburg"), initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and a memorandum and declaration in support thereof (Doc. Nos. 2, 3). Petitioner seeks an Order directing the Bureau of Prisons ("BOP") to award him his earned time credit ("ETC") pursuant to the First Step Act ("FSA") and to release him to home confinement, a halfway house, or supervised release. (Doc. No. 1 at 7.) Petitioner paid the requisite filing fee on July 6, 2021. Following an Order to show cause (Doc. No. 7), Respondent filed a response on July 23, 2021 (Doc. No. 9). Petitioner's § 2241 petition is, therefore, ripe for disposition.

## I.    BACKGROUND

Petitioner is serving a 168-month term of incarceration imposed by the United States District Court for the District of New Jersey for conspiracy to possess with intent to distribute cocaine. (Doc. No. 9-2 at 2.) Petitioner's current projected release date, via good conduct time, is January 4, 2025. (Id.) Petitioner avers that he is presently scheduled to be released to home confinement or a halfway house on January 5, 2024. (Doc. No. 3 at 1.)

On July 10, 2020, July 24, 2020, January 15, 2021, April 28, 2021, and July 7, 2021, the BOP assessed Petitioner as having a low risk of recidivism.  (Doc. No. 9-2 at 17.)  On May 30, 2021, he was assessed to have the following criminogenic needs: cognitions, recreation/leisure/fitness, substance abuse, trauma, and work.  (Id.)  Petitioner was previously assessed to also have medical and finance/poverty criminogenic needs on September 21, 2020 and August 4, 2020, respectively.  (Id.)  Petitioner has completed various educational courses and programs while incarcerated, the most recent of which, Men's Health, he began on January 27, 2020 and completed on March 30, 2020.  (Id. at 19.)  Petitioner also works as an outside unit orderly.  (Id. at 20.)  He has also participated in some drug treatment programming.  (Id. at 21.)  Petitioner, however, has not completed any programming activities ("PAs") or evidence-based recidivism reduction ("EBRR") programs that correspond to his assessed criminogenic needs.  (Id. at 12-16, 18.)

In his § 2241 petition, Petitioner asserts that he is owed at least 450 days of ETC, and that with application of such ETC to his sentence, he would be entitled to release to home confinement or a halfway house in September of 2023.  (Doc. No. 2 at 1.)  Petitioner argues that exhaustion of his administrative remedies is not required because "this is a matter of statutory construction and [he] is entitled to relief on the merits."  (Id. at 2.)  Petitioner maintains that if the Court "does not act quickly, the FSA will be frustrated as Petitioner should have his credits awarded, and is entitled to release from custody or a change in custody thereunder either immediately or so close in proximity in time that any later relief will not be adequate."  (Id. at 3.)  Petitioner, therefore, seeks an Order directing Respondent to apply his ETC to his sentence.  (Id. at 1.)

## II.    DISCUSSION

Respondent asserts that Petitioner's § 2241 petition should be denied because: (1)

Petitioner failed to exhaust his administrative remedies; (2) Petitioner has not completed any PAs

or EBRRs that qualify him to receive ETCs; and (3) Petitioner's petition is premature because he

has not completed any qualifying programs and is only eligible to receive ETCs for those

programs completed after January 15, 2020.  (Doc. No. 9 at 4.)  For the reasons discussed below,

the Court finds that Petitioner's § 2241 petition must be denied for his failure to exhaust

administrative remedies and because Petitioner has not earned any ETCs that would entitle him

to release to home confinement or a halfway house at this time.[1]

---

[1] Respondent suggests that "habeas claims are unripe when a petitioner seeks application of ETCs that have not yet been calculated by the BOP."  (Doc. No. 9 at 11.)  The FSA provides that "[d]uring the 2-year period described in paragraph (2)(A), the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date."  See 18 U.S.C. § 3621(h)(3).  The FSA further provides that "[b]eginning on the date of enactment of this subsection, the Bureau of Prisons may begin to expand any evidence-based recidivism production programs and productive activities that exist at a prison as of such date, and may offer to prisoners who successfully participate in such programs and activities the incentives and rewards described in subchapter D."  See id. § 3621(h)(4).

Courts have divided on the issue of whether habeas claims seeking the application of ETCs are ripe.  Several have concluded that such claims will not become ripe until January 15, 2022, the end of the phase-in period.  See, e.g., Cohen v. United States, No. 20-cv-10833, 2021 WL 1549917, at *2-3 (S.D.N.Y. Apr. 20, 2021); Kennedy-Robey v. FCI Pekin, No. 20-cv-01371, 2021 WL 797516, at *4 (C.D. Ill. Mar. 2, 2021); Hand v. Barr, No. 1:20-cv-348, 2021 WL 392445, at *5 (E.D. Cal. Feb. 4, 2021), report and recommendation adopted, 2021 WL 1853295 (E.D. Cal. May 10, 2021); Llewlyn v. Johns, No. 5:20-cv-77, 2021 WL 535863, at *2 (S.D. Ga. Jan. 5, 2021), report and recommendation adopted, 2021 WL 307289 (S.D. Ga. Jan. 29, 2021); Herring v. Joseph, No. 4:20-cv-249, 2020 WL 3642706, at *1 (N.D. Fla. July 6, 2020).  At least one court, the District of New Jersey, has concluded otherwise.  See Goodman v. Ortiz, 20-7582, 2020 WL 5015613, at *6 (D.N.J. Aug. 25, 2020).  However, because the Court concludes that Petitioner has failed to exhaust his administrative remedies and is not entitled to earlier release, the Court need not and does not decide whether such claims are generally ripe for review.  See Butler v. Bradley, No. 20-11211, 2021 WL 945252, at *3 n.4 (C.D. Cal. Feb. 22, 2021) (taking same approach), report and recommendation adopted, 2021 WL 945252 (Fe. 22, 2021).

3

A.      **Exhaustion of Administrative Remedies**

While § 2241 does not contain an explicit statutory exhaustion requirement, the United States Court of Appeals for the Third Circuit has consistently required a petitioner to exhaust his administrative remedies before filing a § 2241 petition.  See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." See id. at 761-62 (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)).  Thus, "a federal prisoner who . . . fails to exhaust his administrative remedies because of a procedural default, and subsequently finds closed all additional avenues of administrative remedy, cannot secure judicial review of his habeas claim absent a showing of cause and prejudice."  See id. at 762.  Exhaustion, however, is not required when it would not promote these goals, such as when exhaustion would be futile.  See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998).

The BOP has a multi-step administrative remedy program allowing an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement."  See 28 C.F.R. § 542.10(a).  First, an inmate should attempt informal resolution of the issue with the appropriate staff member.  See id. § 542.13(b).  If informal resolution is unsuccessful, the inmate may submit a formal written grievance, using the BP-9 form, to the Warden within twenty (20) calendar days "following the date on which the basis for the Request occurred."  See id. § 542.14(a).  The Warden is to respond to the request within twenty (20) calendar days.  See id. § 542.18.  An inmate dissatisfied with the Warden's response may appeal, using the BP-10 form, "to the

4

appropriate Regional Director within 20 calendar days of the date the Warden signed the response." See id. § 542.15(a).  Finally, an inmate may appeal the Regional Director's response, using the BP-11 form, to the BOP's General Counsel "within 30 calendar days of the date the Regional Director signed the response."  See id.

Petitioner concedes that he did not exhaust his administrative remedies prior to filing his § 2241 petition.  (Doc. Nos. 1 at 2; 2 at 2; 3 at 2.)  The record before the Court indicates that Petitioner has filed only five (5) administrative remedies during his time in BOP custody.  (Doc. No. 9-2 at 8-10.)  While Petitioner did submit Administrative Remedy No. 1074812-F1 requesting compassionate release pursuant to the FSA (id. at 10), none of his administrative remedies concerned the application of ETC to his sentence.

Petitioner appears to suggest that exhaustion should be excused because it is futile and because the statutory construction exception to administrative exhaustion applies.  (Doc. Nos. 1, 2, 3.)  However, even if Petitioner thought pursuit of his administrative remedies would be futile, "[c]ourts in the Middle District of Pennsylvania have consistently held that 'exhaustion of administrative remedies is not rendered futile simply because a prisoner anticipates he will be unsuccessful in his administrative appeals.'"  See Ross v. Martinez, No. 4:09-cv-1770, 2009 WL 4573686, at *3 (M.D. Pa. Dec. 1, 2009) (quoting Malvestuto v. Martinez, No. 1:09-cv-1339, 2009 WL 2876883, at *3 (M.D. Pa. Sept. 1, 2009)); see also Suarez-Sanchez v. Lane, No. 4:18-cv-1431, 2019 WL 1645231, at *3-4 (M.D. Pa. Mar. 5, 2019) (concluding that the petitioner's § 2241 petition was subject to dismissal for failure to exhaust because the petitioner "never fully and properly appealed [his] grievance because he apparently deemed the grievance process to be

a waste of time"), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u>, 2019 WL 1620339 (M.D. Pa. Apr. 16, 2019).

The Court recognizes that administrative exhaustion is not required if "the issue presented only pertains to statutory construction."  <u>See</u> <u>Kurti v. White</u>, No. 1:19-cv-2109, 2020 WL 2063871, at *3 (M.D. Pa. Apr. 29, 2020).  In support of his argument, Petitioner cites to <u>Goodman v. Ortiz</u>, No. 20-7582 (RMB), 2020 WL 5015613 (D.N.J. Aug. 25, 2020).  In <u>Goodman</u>, the parties did not dispute that the inmate-petitioner had successfully participated in several PAs that met the requirements of the FSA or had earned a specific number of ETC.  <u>See</u> <u>Goodman</u>, 2020 WL 5015613, at *2.  Instead, the court considered whether the FSA required that the ETC earned by the petitioner be applied before January 15, 2022.  <u>See</u> <u>id.</u>  The court concluded that the inmate-petitioner was exempt from the administrative exhaustion requirement because the matter "present[ed] a narrow dispute of statutory construction" and because "habeas relief should be granted."  <u>See</u> <u>id.</u> at *3.  The instant case, however, not only involves when Petitioner is eligible for the application of any ETC, but also a dispute as to whether Petitioner has completed any qualifying PAs and EBRRs entitling him to receive ETCs.  The latter issue is unrelated to statutory construction and, therefore, the exhaustion requirement cannot be excused. <u>See</u> <u>Kurti</u>, 2020 WL 2063871, at *3 (noting that the petitioner "has clearly failed to exhaust administrative remedies with respect to the time credit he requests"); <u>see</u> <u>also</u> <u>Rominger v. Spaulding</u>, No. 1:21-cv-943, 2021 WL 2894760, at *3 (M.D. Pa. July 9, 2021); <u>Rehfuss v. Spaulding</u>, No. 1:21-cv-677, 2021 WL 2660869, at *3 (M.D. Pa. June 29, 2021); <u>Ware v. Quay</u>, 1:21-cv-646, 2021 WL 2550253, at *2 (M.D. Pa. June 22, 2021); <u>Bradley v. Spaulding</u>, No. 3:20-cv-2294, 2021 WL 1964598, at *2 (M.D. Pa. May 17, 2021);  <u>Cohen v. United States</u>, No.

20-cv-10833 (JGK), 2021 WL 1549917, at *4 (S.D.N.Y. Apr. 20, 2021); <u>Maggio v. Joyner</u>, No. 7:21-21-DCR, 2021 WL 1804915, at *1-2 (E.D. Ky. Mar. 25, 2021).  Thus, the Court agrees with Respondent that Petitioner's § 2241 petition must be dismissed for failure to exhaust his administrative remedies.  Nevertheless, the Court will address the merits of his petition below.

### B.    Merits of Petitioner's § 2241 Petition

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted.  <u>See</u> 18 U.S.C. § 3632.  The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of EBRR programming appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and PAs; (5) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release.  <u>See id.</u> § 3632(a).  Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs."  <u>See</u> <u>Kurti v. White</u>, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. § 3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release.  <u>See</u> 18 U.S.C. § 3632(d)(4)(A).  An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation.  <u>See id.</u>  Moreover, eligible inmates who have been assessed at a

minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) days of time credit for every thirty (30) days of successful participation.  See id.  However, an inmate may not earn time credits for EBRR programs completed prior to the enactment of the FSA.  See id. § 3632(d)(4)(B)(i).  The Attorney General was allowed 210 days after the FSA was enacted to develop and publish the System, which the BOP then used as a guide to implement the EBRRs and PAs.  See id. § 3632(a).  The Attorney General published the System on July 19, 2019, and the BOP then had 180 days, or until January 15, 2020, to implement the System, complete assessments, and begin to assign prisoners to appropriate EBRRs.  See Kurti, 2020 WL 2063871, at *4 (citing 18 U.S.C. § 3621(h)).  Moreover, the FSA provides that EBRRs and PAs are to be phased in over a period of two (2) years, from January 15, 2020 to January 15, 2022.  See 18 U.S.C. § 3621(h)(2).

ETC credits are "earned only when an inmate successfully completes one of the BOP-approved EBRR programs or PAs related to one of the particular needs assigned to that inmate." See Hare v. Ortiz, No. 20-14093, 2021 WL 391280, at *9 (D.N.J. Feb. 4, 2021).  As noted supra, on July 10, 2020, July 24, 202, January 15, 2021, April 28, 2021, and July 7, 2021, the BOP assessed Petitioner as having a low risk of recidivism.  (Doc. No. 9-2 at 17.)  On May 30, 2021, he was assessed to have the following criminogenic needs: cognitions, recreation/leisure/fitness, substance abuse, trauma, and work.  (Id.)  Petitioner was previously assessed to also have medical and finance/poverty criminogenic needs on September 21, 2020 and August 4, 2020, respectively.  (Id.)

Petitioner's education transcript indicates that all of his programs, except for Men's Health, were completed prior to January 15, 2020.  (Doc. Nos. 3 at 5; 9-2 at 19.)  This Court has

previously held that inmates cannot earn time credits for EBRRs and PAs completed before January 15, 2020.  See Kurti, 2020 WL 2063871, at *5 (citing 18 U.S.C. § 3632(d)(4)(B)(i)).  In any event, the record before the Court indicates that Petitioner has not completed any PAs or EBRR programs that correspond to his assessed criminogenic needs.  (Doc. No. 9-2 at 12-16, 18.)  "If an inmate could accrue FSA credits by participating in any type of recidivism-reduction program or activity, the statutory language instructing the BOP to establish and implement an individualized risk and needs assessment system, 18 U.S.C. § 3632(a), (b), would be superfluous."  Butler v. Bradley, No. CV 20-11211 DMG (RAO), 2021 WL 945252, at *4 (C.D. Cal. Feb. 22, 2021).  Petitioner, therefore, is not entitled to the relief he seeks, and his § 2241 petition will be denied.

III.   **CONCLUSION**

For the foregoing reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  An appropriate Order follows.